THE PEOPLE *v.* LUGO.

APPEAL from the District Court of Ponce.

MOTION of *fiscal* to dismiss appeal.

No. 490.—Decided December 20, 1912.

Appeal dismissed on motion of *fiscal*.
*Mr. Charles E. Foote, fiscal,* for The People.
The respondent did not appear.

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

The *fiscal* in this case files a paper in representation of The People of Porto Rico, the appellant, in which he says that he dismisses the appeal interposed against the resolution or order of dismissal, or peremptory acquittal, made by the District Court of Ponce on August 20 last in the said cause.

If the *fiscal* has the power to make the dismissal, it is not necessary for the court to make any order whatever in this case, and the order made by this court on the 20th instant and from which I dissent was waste paper, and the court has done a vain thing.

I contend that in no case has the *fiscal* of this court the right to enter a dismissal in the manner proposed, but that he should make a motion before the court in proper form, asking that the appeal should be dismissed; and the court then, if good cause is shown, should make an order of dismissal; otherwise, the motion should be denied. In making the motion for dismissal, the *fiscal* should assign some good reason there-

for. · He should show to the court either that the appeal was improvidently taken or that there is no probability of reversing the judgment or order made by the court below, or that the judgment of the court below was just and correct notwithstanding some informality, or some other good reason on which this court could act intelligently in granting his motion.

The present prosecution was conducted against the accused for horse stealing. The trial court ordered the jury to acquit the defendant, because, as it was said, there was no proof against him, except that he was in possession of the stolen horse and had sold it. The court below, in its opinion, cites cases from California to sustain this ruling.

It is true that such possession is only one circumstance tending to prove the defendant guilty, and it may be that possession alone would not warrant the jury in finding a verdict of guilty. But it is a fact which should be submitted to the jury, and, when taken into consideration in connection with other facts and circumstances shown by the proof, might cause the jury to find the defendant guilty, as charged in the information. There are several other facts contained in the record, such as that the possession of the stolen property was shortly after the act of theft; and the sale of the horse, which latter is mentioned by the court, it being said that he sold the horse for $40, partly for cash and partly on credit. Whether $40 was a fair price or not does not appear. If it was too low, that would be a circumstance against the accused. It also appears that the accused brought the horse without a saddle to the house of one of the witnesses at night, and the next day borrowed a saddle from the witness and rode the horse to a neighbor's house and sold it, leaving the borrowed saddle with the purchaser. It is further shown that the accused was a neighbor of the owner of the horse and disappeared from the neighborhood where they both lived about the same time as the horse did, and was not seen there afterwards, and that the horse was sold in

another *barrio* from the one where his owner lived; and further that no attempt was made by the accused or anyone else to explain his possession of the animal, which, as has been said, was very shortly after the theft. All these things should have been submitted to the jury, with a proper charge, in order to have them render a verdict.

It is very probable that this court, on a full consideration of the case, might have reversed the judgment of the court below and remanded the cause for a new trial. At any rate, there is sufficient doubt in regard to the matter to justify this court in overruling the motion to dismiss.

Taking these things and circumstances into consideration, I do not think the order of dismissal of the appeal made in this case was justified.